IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CHRISTOPHER C.,[1] | No. 2:20-cv-01025-HZ |
| Plaintiff, | OPINION & ORDER |
| v. | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

Kevin Kerr
Kerr Robichaux & Carroll
P.O. Box 14490
Portland, Oregon 97293

    Attorney for Plaintiff

Renata Gowie
U.S. Attorney's Office
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this Opinion uses the same designation for a non-governmental party's immediate family member.

1 – OPINION & ORDER

Jordan D. Goddard
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075

    Attorneys for Defendant

HERNÁNDEZ, District Judge:

Plaintiff Christopher C. brings this action seeking judicial review of the Commissioner's final decision to deny disability insurance benefits ("DIB") and supplemental security income ("SSI"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1383(c)(3)). The Court affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff applied for DIB and SSI on August 9, 2017, alleging a disability onset date of November 5, 2016. Tr. 198-201, 202-205.[2] Plaintiff is insured through December 31, 2021. Tr. 219. His application was denied initially and on reconsideration. Tr. 124-132, 136-141.

On March 20, 2019, Plaintiff appeared with counsel for a video hearing before an Administrative Law Judge ("ALJ"). Tr. 34-60. On November 15, 2019, the ALJ found Plaintiff not disabled. Tr. 23. The Appeals Council denied review. Tr. 1.

## FACTUAL BACKGROUND

Plaintiff alleges disability based on a full left hip replacement, damaged lumbar spine, and type 2 diabetes. Tr. 222. Plaintiff was injured in an ATV accident on November 5, 2016, which caused damage to his hip and back. Tr. 291-292. At the time of his alleged onset date, he

---

[2] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record, filed herein as Docket No. 10.

was 44 years old. Tr. 218. He has a high school education and past relevant work experience as a painter and painting supervisor. Tr. 21-22.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Disability claims are evaluated according to a five-step procedure. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, the agency uses a five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. *Id.*

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Id.*

In step three, the Commissioner determines whether the claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform their "past relevant work."

3 – OPINION & ORDER

20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can perform past relevant work, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets their burden and proves that the claimant can perform other work that exists in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity after his alleged onset date of November 5, 2016. Tr. 16. Next, at steps two and three, the ALJ determined that Plaintiff has the following severe impairments: "degenerative disc disease, status post left hip replacement, diabetes mellitus." Tr. 17. However, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment. Tr. 17. At step four, the ALJ concluded that Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following limitations:

> [T]he claimant is able to lift and/or carry ten pounds occasionally and up to ten pounds frequently. He is able to stand and/or walk two hours total in an eight-hour workday with normal breaks. He is able to sit for about six hours total in an eight-hour workday with normal breaks. He is able to perform work limited to occasional stooping, crouching, and/or climbing of ladders, ropes, and scaffolds. He is able to tolerate occasional exposure to workplace hazards, such as working at unprotected heights and /or around exposed, moving machinery.

Tr. 18. Because of these limitations, the ALJ concluded that Plaintiff could not perform his past relevant work. Tr. 21. But at step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as addresser, document preparer, cutter/paster. Tr. 23. Thus, the ALJ concluded that Plaintiff is not disabled. Tr. 23.

**STANDARD OF REVIEW**

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings "are based on legal error or are not supported by substantial evidence in the record as a whole." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks and brackets omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's") (internal quotation marks omitted).

**DISCUSSION**

Plaintiff asserts two errors in the Commissioner's final decision denying his claim for DIB and SSI Benefits: (1) the ALJ improperly rejected the statements of a third-party lay witness and (2) the Appeals Council failed to address new and material evidence submitted by Plaintiff. Pl. Brief 4, ECF 13.

**I.   Lay Witness Statements**

Plaintiff contends that the ALJ erred by improperly rejecting the lay witness statement of Plaintiff's fiancée, Diane D. In a statement she submitted regarding Plaintiff's functional limitations, Diane reported that Plaintiff "can not sit for more [than] 10 minutes at a time" due to

extreme stiffness along with leg and back pain. Tr. 292. She also stated that Plaintiff cannot stand or walk for "long periods of time" because "he gets extremely tired and his left leg gets weak to the point that it will give out on him and he will fall." Tr. 292-93. The ALJ determined that Diane's statements were not persuasive because they "are not fully consistent with or supported by the claimant's report of functioning." Tr. 21. Specifically, the ALJ found inconsistency between Plaintiff's claim that he often uses a walker and Diane's failure to mention Plaintiff's walker. Tr. 21.

"Lay testimony as to a claimant's symptoms or how an impairment affects the claimant's ability to work is competent evidence that the ALJ must take into account." *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) (citation omitted). The ALJ must give reasons "germane to the witness" when discounting the testimony of lay witnesses. *Valentine,* 574 F.3d at 694.[3] An ALJ cannot reject the testimony of a lay witness simply because the witness is a family member or other close relation of the claimant. *See Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996) ("The fact that a lay witness is a family member cannot be a ground for rejecting his or her testimony. To the contrary, testimony from lay witnesses who see the claimant every day is of particular value."); *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993) ("[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition.").

In her statement, Diane describes many of the same limitations that Plaintiff asserted in his testimony. Plaintiff testified that he often has trouble standing up from a sitting position and often requires help from his fiancée. Tr. 45. He stated that he is unsteady when he walks and

---

[3] Both parties apply the "reasons germane" standard in their arguments. *See* Pl. Brief 4; Def. Brief 3.

feels safer when his fiancée is available to help. Plaintiff notes that "he gets pretty stiff" when he sits for 10 to 15 minutes, cannot walk more than 50 to 100 feet, and often needs help using the restroom. Tr. 45, 49, 51. Regarding his walker, Plaintiff states that he uses it is when he is by himself and his fiancée is not present. Tr. 54. The ALJ found Plaintiff's statements regarding the limiting effects of his symptoms were not consistent with the medical evidence and that Plaintiff's "inconsistent statements and symptom magnification lessen the reliability of his limitation allegations." Tr. 19, 20.

If an ALJ gives valid germane reasons for rejecting testimony from one witness, the ALJ need only refer to those reasons to reject similar testimony by a different witness. *Molina*, 674 F.3d at 1114. But the ALJ did not reject Diane's statements for the same reason he rejected Plaintiff's symptom testimony. Rather, the ALJ disregarded her lay witness statements because "they are not fully consistent with or supported by the claimant's report of functioning," and specifically because she did not mention any use of a walker. Tr. 21.

The Court finds that Diane's failure to discuss Plaintiff's use of a walker does not render her testimony inconsistent with his. On the whole, her statements as to Plaintiff's limitations are consistent with Plaintiff's own statements. Plaintiff testified that he only uses the walker when Diane is not available to help him. From her perspective, in describing his limitations, Diane's emphasis on the degree of help Plaintiff needs from her is appropriate. Her failure to mention Plaintiff's use of a walker to get around when she is unavailable is reasonable and does not render her testimony about Plaintiff's limitations inconsistent with his. Thus, to the extent the ALJ's reasoning is based on purported inconsistency in witness testimony, the ALJ erred in finding that Diane's statements are not persuasive. Nevertheless, that error was harmless.

7 – OPINION & ORDER

In the context of the Social Security Act, an error is harmless if the ALJ would have reached the same result absent the error. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) ("We have also affirmed under the rubric of harmless error where the mistake was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion."). Courts may find an error harmless where "there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion." *Molina*, 674 F.3d at 1115 (internal quotation marks omitted). Where lay witness testimony describes the same limitations that were already described by a claimant, and the ALJ provided well-supported reasons to rejecting the claimant's testimony, the ALJ's failure to provide valid reasons for rejecting lay witness testimony is a harmless error. *Id.* at 1122; *see Valentine*, 574 F.3d at 694 (holding that if an ALJ gave germane reasons for rejecting a claimant's testimony, those same reasons may support rejection of similar testimony by a lay witness).

Here, in determining Plaintiff's residual functional capacity ("RFC"), the ALJ did not consider the reports by either Plaintiff or his fiancée that Plaintiff could not sit for more than 10 to 15 minutes at a time. Tr. 18-21. Based on the RFC, the ALJ found that there are jobs that involve unskilled sedentary work that Plaintiff could perform, which exist in significant numbers in the national economy. Because the ALJ provided valid reasons for rejecting Plaintiff's symptom testimony, to which Plaintiff does not object, the ALJ's erroneous reasoning for rejecting similar lay witness testimony was harmless.

**II.    New Evidence Submitted to the Appeals Council**

With his request for review from the Appeals Council, Plaintiff submitted evidence consisting of a report generated using the software program SkillTran Job Browser Pro and two

affidavits from Amberly Rucks, a former vocational expert, which are signed and dated May 26, 2016. Kerr Decl., ECF 16. Plaintiff submits the affidavits as evidence that two of the positions listed by the AJL at step five—addresser and document preparer—no longer appear to exist in sufficient numbers in the national economy. Pl. Brief 9; Tr. 296. The Job Browser Pro report shows that there are only 3,822 positions for "cutter-and-paster, press clippings" (DOT 249.587-014). Tr. 297. Thus, Plaintiff claims that the ALJ's determination at step five that Plaintiff is not disabled relied on three occupations, which in total, represent fewer than 4,000 positions in the national economy. Pl. Brief 10.

In denying Plaintiff's request for review of the ALJ's decision, the Appeals Council declined to exhibit Dr. Ruck's affidavits because it found the evidence "does not show a reasonable probability that it would change the outcome of the decision." Tr. 2. The Appeals Council exhibited the Job Browser Pro report, but Plaintiff contends the Appeals Council erred by not addressing it. Plaintiff claims that Dr. Ruck's affidavits and the Job Browser Pro report constitute new and material evidence that the Appeals Council should have considered and addressed before denying review. Plaintiff contends this evidence rebuts testimony by the vocational expert ("VE") that 11,084 jobs as addresser (DOT 209.587-010), 63,663 jobs as document preparer (DOT 249.587-018), and 20,051 jobs as cutter/paster (DOT 249.587-014) are available in the national economy. Pl. Brief 11; *see* Tr. 23.

A claimant may appeal a non-disability decision by an ALJ to the Social Security Appeals Council. 20 C.F.R. §§ 404.970, 416.1470. One reason for the Appeals Council to review an ALJ decision is if additional evidence is submitted that would change the outcome of the decision. The additional evidence must be (1) new and material, (2) relate to the period on or before the date of the ALJ decision, and (3) provide a reasonable probability that the outcome

9 – OPINION & ORDER

would change if the additional evidence is considered. 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). But when a claimant contests job numbers reported by the VE, the claimant must have at least generally raised the issue at the ALJ hearing to preserve it on appeal. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017) ("[W]hen a claimant fails entirely to challenge a vocational expert's job numbers during administrative proceedings before the agency, the claimant forfeits such a challenge on appeal, at least when the claimant is represented by counsel."). The Court in *Shaibi* specifically rejected the notion that "a claimant must, within minutes of a VE's initial testimony, cross-examine a VE with specific alternate job calculations." *Id.* at 1110. But Plaintiff must have at least raised the issue of job numbers generally before the ALJ. *See id.* ("[T]he ALJ [is] in the best position to evaluate and resolve any conflicting evidence concerning the number of jobs in relevant occupations[.]").

      Here, Plaintiff is represented by counsel who had the opportunity to cross-examine the VE at the ALJ hearing. Plaintiff's counsel questioned the VE on whether sit/stand options were available for each of the jobs presented. But counsel did not even generally inquire into the number of positions the VE reported to be available in the national economy. Tr. 62-64. Plaintiff's counsel did not object to the VE's qualifications and did not contest the job numbers presented for each of the listed positions. Tr. 23, 62-64. Plaintiff also could have but did not request an opportunity to submit the affidavits or supplemental briefing to the ALJ after the hearing. Only if such a request was made, and the ALJ declined to accept the supplemental evidence, can a claimant present new evidence to the Appeals Council that rebuts the VE's job numbers estimates. *Shapiro v. Saul*, 833 F. App'x 695, 696 (citing *Shaibi*, 883 F.3d at 1109); *cf. Ashley W. v. Kijakazi*, No. 3:20-cv-00823-JR, 2021 WL 4635799, at *6 (holding that an ALJ erred by not considering a plaintiff's post-hearing brief and rebuttal evidence challenging the

VE's job numbers estimates). Because Plaintiff did not raise the job numbers issue even generally at the ALJ hearing, the Appeals Council did not err in declining to consider Plaintiff's new evidence.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED:＿＿January 31, 2022＿＿.

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
MARCO A. HERNÁNDEZ
United States District Judge

11 – OPINION & ORDER